Harris County Docket Sheet



# 2016-48299

**COURT:**   055th

**FILED DATE:**   7/21/2016

**CASE TYPE:**   Debt/Contract - Consumer/DTPA

### ANDRADE, GONZALO

Attorney: CORONA, JESSE S.

### VS.

### ALLSTATE VEHICLE AND PROPERTY INSURANCE

Attorney: HIGGINS, ROGER D.

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |



EXHIBIT

_B_

**HCDistrictclerk.com**      ANDRADE, GONZALO vs. ALLSTATE VEHICLE AND        8/29/2016
PROPERTY INSURANCE
Cause: 201648299     CDI: 7     Court: 055

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## SERVICE
No Service found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| **File Date** | 7/21/2016 |
| **Case (Cause) Location** | |
| **Case (Cause) Status** | Active - Civil |
| **Case (Cause) Type** | Debt/Contract - Consumer/DTPA |
| **Next/Last Setting Date** | N/A |
| **Jury Fee Paid Date** | 7/21/2016 |

### COURT DETAILS

| | |
|---|---|
| **Court** | 055th |
| **Address** | 201 CAROLINE (Floor: 9) HOUSTON, TX 77002 Phone:7133686055 |
| **JudgeName** | JEFF SHADWICK |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| ANDRADE, GONZALO | PLAINTIFF - CIVIL | | CORONA, JESSE S. |
| 8415 CARVEL LANE, HOUSTON, TX 77036 | | | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | DEFENDANT - CIVIL | | HIGGINS, ROGER D. |

8/29/2016                                        Office of Harris County District Clerk - Chris Daniel

1999 BRYAN STREET, DALLAS, TX 75201

ALLSTATE VEHICLE AND PROPERTY              REGISTERED AGENT
INSURANCE COMPANY (FOREIGN COMPANY)

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 8/26/2016 | ANSWER ORIGINAL PETITION | | | 0 | | HIGGINS, ROGER D. | ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY |
| 7/21/2016 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 7/21/2016 | ORIGINAL PETITION | | | 0 | | CORONA, JESSE S. | ANDRADE, GONZALO |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 71649184 | Original_Answer of defendant allstate vehicle and property insurance company | | 08/26/2016 | 2 |
| 71379541 | Citation | | 08/08/2016 | 2 |
| 71266938 | Civil Process Pick-Up Form | | 07/22/2016 | 1 |
| 71166102 | Plaintiffs Original Petition | | 07/21/2016 | 43 |
| -> 71166103 | Civil Case Information Sheet | | 07/21/2016 | 1 |

7/21/2016 3:14:28 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11759896
By: Monica Ovalle
Filed: 7/21/2016 3:14:28 PM

# 2016-48299 / Court: 055

### CAUSE NO. _____

| | | |
|---|---|---|
| **GONZALO ANDRADE,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | |
| **PROPERTY INSURANCE COMPANY,** | § | |
| | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GONZALO ANDRADE ("Plaintiff"), and complains of ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ("ALLSTATE" and/or "Defendant"). In support of such claims and causes of action, Plaintiff respectfully shows unto this Honorable Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

1.1     Discovery in this case should be conducted in accordance with a Level 3 tailored discovery control plan pursuant to Texas Rule of Civil Procedure 190.4. Plaintiff affirmatively pleads this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169, as Plaintiff seeks monetary relief over $100,000.

### II. PARTIES

2.1     Plaintiff, GONZALO ANDRADE, is a resident of Harris County, Texas.

2.2     Defendant, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, is a foreign company engaged in the business of insurance in this state. It may be served with process by serving its registered agent, CT Corporation System, by certified mail,

---

return receipt requested, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it may be found.  Plaintiff requests citation be issued at this time.

### III.  JURISDICTION AND VENUE

3.1     This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2     Venue is proper in Harris County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Harris County, Texas.

### IV.  AGENCY AND RESPONDEAT SUPERIOR

4.1     Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such a thing.  It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### V.  CONDITIONS PRECEDENT

5.1     All conditions precedent to recovery have been performed, waived, or have occurred.

### VI.  FACTS APPLICABLE TO ALL COUNTS

6.1     Plaintiff is the owner of a Texas Homeowner's Policy number 836210916 issued by ALLSTATE (the "Policy").

6.2     Plaintiff owns the insured property, which is specifically located at 8415 Carvel Lane, Houston, Texas 77036 (the "Property").

6.3     ALLSTATE, or its agent(s), sold the Policy, insuring and covering the Property against damages from storm-related events, to Plaintiff.

6.4     On or about January 08, 2016, Plaintiff experienced a storm that damaged the Property.  In its track, the storm left behind widespread damage to the Property, Plaintiff's home.

6.5     The Plaintiff timely submitted a claim to ALLSTATE.  ALLSTATE assigned various adjusters to adjust the claim.  However, ALLSTATE and and its agents were not diligent in investigating Plaintiff's loss.  ALLSTATE failed to timely and accurately investigate the covered loss.  ALLSTATE assigned claim number 0401588974 to Plaintiff's claim.

6.6     Ultimately, ALLSTATE, inspected Plaintiff's property after the storm.  During the inspection, ALLSTATE, was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of, and then quantifying the damage done to Plaintiff's home.

6.7     ALLSTATE prepared a repair estimate which did not account for all of the covered damages.  Further, even the damages that were accounted for were vastly under-scoped.  Thus, Defendant ALLSTATE demonstrated it did not conduct a thorough investigation of the claim.

6.8     Defendant ALLSTATE failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law.  By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, ALLSTATE engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

6.9     Defendant ALLSTATE failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant ALLSTATE failed and refused to properly pay proceeds for the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to

recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant ALLSTATE's conduct constitutes a material breach of the insurance contract.

6.10   Defendant ALLSTATE misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

6.11   Defendant ALLSTATE's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the amount of loss to the Plaintiff. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

6.12   Defendant ALLSTATE failed to make an attempt to settle Plaintiff's claims in a prompt and fair manner, although they were aware of its liability to Plaintiff was reasonably clear under the Policy. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

6.13   Defendant ALLSTATE failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claims. Tex. Ins. Code § 541.060(a)(3).

6.14   Defendant ALLSTATE failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

6.15    Defendant ALLSTATE refused to fully compensate Plaintiff under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.    Specifically, Defendant ALLSTATE performed a results/outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code.  Tex. Ins. Code § 541.060(a)(7).

6.16    Defendant ALLSTATE misrepresented the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage; (2)  failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3)  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4)  making a material misstatement of law;  and/or (5)  failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.

6.17    Defendant ALLSTATE failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline.  Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code.  Tex. Ins. Code § 542.055.

6.18    Defendant ALLSTATE failed to accept or deny the Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information.  Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

---

6.19    Defendant ALLSTATE failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.   Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim.   Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

6.20    From the point in time Plaintiff's claim was presented to Defendant ALLSTATE, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.   However, Defendant ALLSTATE has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the fully payment.   Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

6.21    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action.   On or about  May 9, 2016 Plaintiff's counsel sent a letter of representation requesting various documents related to the storm.

6.22    On or about May 31, 2016, Plaintiff's counsel sent a Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code Notice and Demand letter.   The letter informed Defendants of potential violations under the DTPA and Insurance Code related to its handling and adjusting of Plaintiff's claim and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations.   The Notice and Demand letter provided Defendants with the statutorily mandated sixty days to respond, and an opportunity to resolve the claim without extended litigation costs.   Defendant acknowledged the Demand on June 2, 2016, then made no attempt to respond to the Demand or settle the claim; satisfying the statutory

requirement that Defendants either deny a DTPA and Insurance Code Demand or be allotted a sixty time period to attempt to resolve the claim before a petition is to be filed.

6.23    To date, Defendant ALLSTATE has failed to and refused to pay Plaintiff for the proper repair of the property.  Plaintiff's experience is not an isolated case.  The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim.  Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII.  COUNTS

7.1    Plaintiff incorporates by reference all facts, statements, and allegations set forth in all previous paragraphs, as if set forth in full in each cause of action that follows.

7.2    **COUNT 1 – BREACH OF CONTRACT**

a.    At the time of the loss, Plaintiff had valid, enforceable insurance contract in place, issued by Defendant (the "Policy").  Plaintiff was the insured of the contract. Plaintiff fully performed his contractual obligations by making premium payments as required by the insurance contract, and at all times complied fully with all material provisions of the Policy.

b.    According to the Policy that Plaintiff purchased, Defendant ALLSTATE had the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages.  As a result of these damages, which result from covered perils under the Policy, the Plaintiff's home has been damaged.

c.      Defendant ALLSTATE's failure to properly investigate and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendant ALLSTATE's contract with Plaintiff.  As a result of this breach of contract, Plaintiff has suffered the damages that are described in this Petition, the producing cause of which is Defendant's actions.

7.3     **COUNT 2 – PROMPT PAYMENT OF CLAIMS; VIOLATION OF TEXAS INSURANCE CODE §542, ET SEQ.**

a.      Under the Texas Insurance Code, Defendant ALLSTATE had a duty to investigate and pay Plaintiff's claim under the Policy in a timely manner.  Defendant ALLSTATE violated Section 542 of the Texas Insurance Code by not timely: (1) commencing its investigation of the claim; (2) requesting information needed to investigate the claim; (3) communicating with its insured regarding the status of its investigation, including failing to accept or reject Plaintiff's claim in writing within the statutory timeframe; (4) conducting its investigation of the claim; and (5) paying the claim.

b.      All of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiff's damages that are described in this petition.  Defendant ALLSTATE is therefore liable under Section 542 for penalty interest at the rate set forth in the statute, and attorney's fees taxed as costs of this suit.

c.      Additionally, if it is determined Defendant ALLSTATE owes Plaintiff any additional money on Plaintiff's claim, then Defendant has automatically violated Section 542 in this case.

---

7.4    **COUNT 3 –   UNFAIR INSURANCE PRACTICES; VIOLATION OF TEXAS INSURANCE CODE § 541, ET SEQ.**

    a.    As an insurer, Defendant ALLSTATE owes statutory duties to Plaintiff as its insured.  Specifically, the Texas Insurance Code prohibits Defendant ALLSTATE from engaging in any unfair or deceptive act or practice in the business of insurance.

    b.    By its acts, omissions, failures, and conduct, Defendant ALLSTATE has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code.  Such violations include, without limitation, all the conduct described in this petition, plus Defendant's unreasonable delays and under-scoping in the investigation, adjustment, and resolution of the Plaintiff's claim, plus Defendant's failure to pay for the proper repair of the Plaintiff's home on which liability had become reasonably clear.  They further include Defendant's failure to give Plaintiff the benefit of the doubt.  Specifically, Defendant ALLSTATE are guilty of the following unfair insurance practices:

    i.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    ii.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability had become reasonably clear;

    iii.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

    iv.    Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

v.      Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

vi.      Misrepresenting the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage; (2)  failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3)  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4)  making a material misstatement of law; and/or (5)  failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

c.      Defendant ALLSTATE has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.  Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

d.      All of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiff's damages that are described in this petition, and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code.

7.5     **COUNT 4 – DTPA; VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE § 17.46, ET SEQ.**

a.      Plaintiff is an individual who sought and acquired a good, the Policy that is the subject of the suit, by purchase, from the Defendant.  Plaintiff also sought and acquired the service and adjustment of claims under that policy, a service that was "furnished in connection with the sale or repair of goods", as defined by the DTPA.  This qualifies Plaintiff as a consumer of goods and services provided by Defendant as defined by the

Texas Deceptive Trade Practices Act ("DTPA"), codified under Chapter 17 of the Texas Business and Commerce Code. The Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendant's violations of the DTPA include without limitation, the following matters.

      b.      By its acts, omissions, failures, and conduct that are described in this petition, Defendant ALLSTATE has committed false, misleading, or deceptive acts or practices in violation of § 17.46(b)(2), (3), (5), (7), (11), (12), (13), (20), and (24) of the DTPA. In this respect, Defendant's violations include without limitation:

      i.      Unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, during which Defendant employed a series of alleged "independent adjusters" under the control of Defendant, that caused confusion to Plaintiff as to whom was representing whom, and had whose best interests in mind. This gives Plaintiff the right to recover under Section 17.46(b)(2) and (3) of the DTPA;

      ii.      As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services had characteristics, uses, or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

      iii.      As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

iv.     As described in this petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

v.     Defendant knowingly made false or misleading statements of fact concerning the need for replacement of roofing systems, which gives Plaintiff the right to recover under Section 17.46(b)(13) of the DTPA;

vi.     Defendant breached an express and /or implied warranty that the damage caused by the subject storm would be covered under the insurance policies. This entitles the Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

vii.     Defendant failed to disclose information concerning the insurance policy which was known at the time of the transaction where the failure to disclose such information was intended to induce the Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed. This gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

viii.     Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

ix.     Defendant's conduct, acts, omissions, and failures as described in this petition, are unfair practices in the business of insurance in violation of Section

17.50(a)(4) of the DTPA, under which violations of Chapter 541 of the Texas Insurance Code are an enabling statute.

c.      All of the above-described acts, omissions, and failure of Defendant is a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices Act.

**7.6     COUNT 5 – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

a.      By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim, and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant is a proximate cause of Plaintiff's damages.

**7.7     COUNT 6 – MISREPRESENTATION**

a.      Defendant ALLSTATE is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendant ALLSTATE did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made by Defendant ALLSTATE or its agents, with the intention that they should be relied upon and acted upon by Plaintiff, who relied on the misrepresentations to his detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of

---

the Property, loss of use of the Property, mental anguish and attorney's fees.  Defendant

ALLSTATE is liable for these actual consequential and penalty-based damages.

## VIII.  WAIVER AND ESTOPPEL

8.1     Defendant is waived and is estopped from asserting any coverage defenses,

conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter

to the Plaintiff.

## IX.  DAMAGES / CLAIMS FOR RELIEF

9.1     All the damages described and sought in this petition are within the jurisdictional

limits of the Court and exceed an aggregate amount of monetary relief over $100,000 but not more

than $200,000.

9.2     The above described acts, omissions, failures, and conduct of Defendants caused

Plaintiff's damages, which include, without limitation, (1) the cost to properly repair Plaintiff's

home, (2) any investigative and engineering fees incurred by Plaintiff, (3) court costs, and (4)

attorney fees.  The Plaintiff is entitled to recover consequential damages from Defendants' breach

of contract.  The Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18%

per annum penalty on that claim against Defendants as damages under Section 542 of the Texas

Insurance Code, plus prejudgment interest.

9.3     Defendant has also "knowingly" and "intentionally" committed deceptive trade

practices and unfair insurance practices as those terms are defined in the applicable statutes.

Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional

damages as authorized by Section 17.50(b)(1) of the DTPA, which allow recovery of up to three

times economic damages.  Where there is an enabling statute for the DTPA, as there is here with

the Texas Insurance Code, Plaintiff is entitled to recovery of up to three times actual damages.

Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

9.4     Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code.  These violations by Defendant is the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X.  ATTORNEY'S FEES

10.1    As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned law firm and attorney to prosecute this action, and has agreed to pay reasonable attorney's fees.  Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Section 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI.  DISCOVERY

11.1    Under the Texas Rule of Civil Procedure 194, the Defendant is requested to disclose within fifty (50) days of service of this request, the information of material described in Texas Rule of Civil Procedure 194.2(a) through (l).  Plaintiff's Requests for Disclosure, Requests for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this petition, and incorporated herein by reference.

## XII.  JURY DEMAND

12.1    Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff GONZALO ANDRADE prays that Defendant ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY  be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to economic damages, actual damages, consequential damages, statutory penalty interest, treble damages under the Texas Deceptive Trade Practices Act and Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest, at the highest rate allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By:  /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
521 N Sam Houston Pkwy E, Ste. 420
Houston, Texas 77060
Office:  281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**

## CIVIL CASE INFORMATION SHEET (REV. 2/13)

7/21/2016 3:14:28 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 11759896
By: OVALLE, MONICA
Filed: 7/21/2016 3:14:28 PM

CAUSE NUMBER *(FOR CLERK USE ONLY):* **2016-48299** / Court: **055**    COURT *(FOR CLERK USE ONLY):*

STYLED _____

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: <br><br> Address: <br><br> City/State/Zip: <br><br> Signature: | Email: <br><br> Telephone: <br><br> Fax: <br><br> State Bar No: | Plaintiff(s)/Petitioner(s): <br>_____ <br>_____ <br>_____ <br><br> Defendant(s)/Respondent(s): <br>_____ <br>_____ <br>_____ <br><br> [Attach additional page as necessary to list all parties] | ☐Attorney for Plaintiff/Petitioner <br>☐*Pro Se* Plaintiff/Petitioner <br>☐Title IV-D Agency <br>☐Other: _____ <br><br> Additional Parties in Child Support Case: <br><br> Custodial Parent: <br>_____ <br> Non-Custodial Parent: <br>_____ <br> Presumed Father: <br>_____ |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | | Family Law |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br>☐Consumer/DTPA <br>☐Debt/Contract <br>☐Fraud/Misrepresentation <br>☐Other Debt/Contract: <br><br>*Foreclosure* <br>☐Home Equity—Expedited <br>☐Other Foreclosure <br>☐Franchise <br>☐Insurance <br>☐Landlord/Tenant <br>☐Non-Competition <br>☐Partnership <br>☐Other Contract: | ☐Assault/Battery <br>☐Construction <br>☐Defamation <br>*Malpractice* <br>  ☐Accounting <br>  ☐Legal <br>  ☐Medical <br>  ☐Other Professional <br>  Liability: <br><br>☐Motor Vehicle Accident <br>☐Premises <br>*Product Liability* <br>  ☐Asbestos/Silica <br>  ☐Other Product Liability <br>  List Product: <br><br>☐Other Injury or Damage: | ☐Eminent Domain/ <br>  Condemnation <br>☐Partition <br>☐Quiet Title <br>☐Trespass to Try Title <br>☐Other Property: <br><br>**Related to Criminal Matters** <br>☐Expunction <br>☐Judgment Nisi <br>☐Non-Disclosure <br>☐Seizure/Forfeiture <br>☐Writ of Habeas Corpus— <br>  Pre-indictment <br>☐Other: | ☐Annulment <br>☐Declare Marriage Void <br>*Divorce* <br>  ☐With Children <br>  ☐No Children <br><br>**Other Family Law** <br>☐Enforce Foreign <br>  Judgment <br>☐Habeas Corpus <br>☐Name Change <br>☐Protective Order <br>☐Removal of Disabilities <br>  of Minority <br>☐Other: | ☐Enforcement <br>☐Modification—Custody <br>☐Modification—Other <br><br>**Title IV-D** <br>☐Enforcement/Modification <br>☐Paternity <br>☐Reciprocals (UIFSA) <br>☐Support Order <br><br>**Parent-Child Relationship** <br>☐Adoption/Adoption with <br>  Termination <br>☐Child Protection <br>☐Child Support <br>☐Custody or Visitation <br>☐Gestational Parenting <br>☐Grandparent Access <br>☐Parentage/Paternity <br>☐Termination of Parental <br>  Rights <br>☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination <br>☐Retaliation <br>☐Termination <br>☐Workers' Compensation <br>☐Other Employment: | ☐Administrative Appeal <br>☐Antitrust/Unfair <br>  Competition <br>☐Code Violations <br>☐Foreign Judgment <br>☐Intellectual Property | ☐Lawyer Discipline <br>☐Perpetuate Testimony <br>☐Securities/Stock <br>☐Tortious Interference <br>☐Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal <br>☐Tax Delinquency <br>☐Other Tax | *Probate/Wills/Intestate Administration* <br>  ☐Dependent Administration <br>  ☐Independent Administration <br>  ☐Other Estate Proceedings | ☐Guardianship—Adult <br>☐Guardianship—Minor <br>☐Mental Health <br>☐Other: _____ |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court <br>☐Arbitration-related <br>☐Attachment <br>☐Bill of Review <br>☐Certiorari <br>☐Class Action | ☐Declaratory Judgment <br>☐Garnishment <br>☐Interpleader <br>☐License <br>☐Mandamus <br>☐Post-judgment | ☐Prejudgment Remedy <br>☐Protective Order <br>☐Receiver <br>☐Sequestration <br>☐Temporary Restraining Order/Injunction <br>☐Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000



# CHRIS DANIEL

**HARRIS COUNTY DISTRICT CLERK**

ENTERED
VERIFIED

## Civil Process Pick-Up Form

CAUSE NUMBER: _201648299_

ATY_____     CIV ✓     COURT _55_

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| ATTORNEY: _Corona, Jesse_     PH: _281 8862368I_ |
| CIVIL PROCESS SERVER: _Johnny Black   13_ |
| PH: _____ |
| PERSON NOTIFIED SVC READY: _____ |
| DATE: _____ |

Type of Service Document: _CiHR_          Tracking Number _73269140_
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____

Process papers prepared by: **Monica Ovalle**

Date: _7/22/16_     30 days waiting _8/22/16_

| Process papers released to: _____ |
| _7-906-2804_     (PRINT NAME) |
| (CONTACT NUMBER)     (SIGNATURE) |
| Process papers released by: _____ |
| (PRINT NAME) |
| (SIGNATURE) |
| Date: _7/28/   16_  2014→ Time: _3-59_   AM  PM |

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

CONFIRMED FILE DATE: 7/22/2016

8/7/2016 10:23:05 AM
Chris Daniel - District Clerk Harris County
Envelope No. 12032193
By: DANIEL FLORES
Filed: 8/8/2016 12:00:00 AM

CAUSE NO. 201648259

RECEIPT NO.                           0.00      CIV
                   ************       TR # 73269140

| | |
|---|---|
| PLAINTIFF: ANDRADE, GONZALO<br>vs.<br>DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | In The   55th<br>Judicial District Court<br>of Harris County, Texas<br>55TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (FOREIGN COMPANY)
    BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
    1999 BRYAN STREET SUITE 900   DALLAS TX 75201 - 3136

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE FIRST SET OF
INTERROGATORIES REQUEST FOR PRODUCTION REQUEST FOR ADMISSIONS

This instrument was filed on the 21st day of July, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 22nd day of July, 2016, under my hand and
seal of said Court.

Issued at request of:                    *Chris Daniel*
CORONA, JESSE S.                         CHRIS DANIEL, District Clerk
521  N SAM HOUSTON PKWY E.               Harris County, Texas
SUITE 420                                201 Caroline, Houston, Texas 77002
HOUSTON, TX 77060                        (P.O. Box 4651, Houston, Texas 77210)
Tel: (281) 882-3531                      Generated By: OVALLE, MONICA  K7U//10439409
Bar No.: 24082184

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at *110* o'clock *P* .M., on the *1* day of *AUGUST* , *2016* .

Executed at (address) *1999  BRYAN ST. STE. 900  DALLAS, TEXAS* in

*DALLAS* County at *922* o'clock *A* .M., on the *3* day of *AUGUST* ,

*2016* , by delivering to *ALLSTATE VEHICLE AND PROPERTY* defendant, in person, a
*INSURANCE COMPANY*
true copy of this Citation together with the accompanying *1* copy(ies) of the Petition
*PLAINTIFFS ORIGINAL PETITION, REQUEST FOR DISCLOSURE, PRODUCTION, ADMISSIONS AND INTERROGATORIES*
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this *7* day of *AUGUST* , *2016* .

FEE: $ *85*

_____          _____ of _____ County, Texas
*Johnny R Black*
        Affiant                          By  *SCH 209*        *1/31/19*
                                              Deputy

On this day, *JOHNNY R. BLACK* , known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited in the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this *7* day of *August* *2016* .

*Sharon Justice Black*
                                                    Notary Public

SHARON JUSTICE BLACK
Notary Public, State of Texas
My Commission Expires
July 07, 2019

N.INT.CITR.P                              *73269140*

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _____  ☐ Agent   ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
Chris Wells    AUG 0 2016

1. Article Addressed to:

Allstate Vehicle and Property
Insurance Company
Corporation Service Company
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:   ☐ No

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 1401 5329 2834 62

3. Service Type                     ☐ Priority Mail Express®
☐ Adult Signature                   ☐ Registered Mail™
☐ Adult Signature Restricted Delivery  ☐ Registered Mail Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery   ☐ Return Receipt for Merchandise
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery  ☐ Signature Confirmation™
                                    ☐ Signature Confirmation Restricted Delivery
  ‖ Restricted Delivery

2. Article Number *(Transfer from service label)*
7015 1520 0001 5736 9316

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

8/26/2016 12:10:40 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12389850
By: DANIEL FLORES
Filed: 8/26/2016 12:10:40 PM

## CAUSE NO. 2016-48299

| | | |
|---|---|---|
| **GONZALO ANDRADE,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **55TH JUDICIAL DISTRICT** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | **HARRIS COUNTY, TEXAS** |

### ORIGINAL ANSWER OF DEFENDANT ALLSTATE VEHICLE
### AND PROPERTY INSURANCE COMPANY

Comes now, Allstate Vehicle and Property Insurance Company ("Defendant"),

Defendant in the above-entitled action, files its Original Answer and would show as follows:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies

each and every, all and singular, allegations contained within Plaintiff's Original Petition, and

demands strict proof then by a preponderance of the credible evidence in accordance with the

Constitution and laws of the State of Texas.

### II.
### PRAYER

Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial

and hearing hereof, Plaintiff recover nothing from Defendant, but Defendant go from here

without delay and recover costs of court and other such further relief, both general and special, to

which Defendant may be justly entitled.

Respectfully submitted,

/s/ Roger D. Higgins
Roger D. Higgins
State Bar No. 09601500
Brandt R. Johnson
State Bar No. 00794030
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:    (214) 871-8200
Facsimile:    (214) 871-8209
Email: rhiggins@thompsoncoe.com
Email: brjohnson@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2016, a true and correct copy of the foregoing document was served upon all known counsel by electronic service in accordance with the Texas Rules of Civil Procedure:

Jesse Corona
The Corona Law Firm, PLLC
521 N. Sam Houston Pkwy E, Suite 420
Houston, Texas 77060

/s/ Roger D. Higgins
Roger D. Higgins